UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PATRICK J. MORRISON,

                Plaintiff,

      -v-

C.O. PARMELE, et al.,

                Defendants.
_____

**DECISION AND ORDER**

07-CV-6436L

## INTRODUCTION

Plaintiff Patrick J. Morrison ("Plaintiff"), who is proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at Groveland Correctional Facility ("Groveland"), in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). At the time of the relevant events, Defendants Officer Parmele, Sergeant Stefaniak, Officer Ryan, Sergeant Jerrold, Correction Officer Markle, Correction Officer Armbruster, and Correction Officer Kasperski (collectively, "the Defendants"), were DOCCS employees.

## BACKGROUND

Plaintiff was incarcerated at Groveland from July 27, 2007 to August 3, 2007. In his amended complaint, Plaintiff asserts that on August 3, he was assaulted by the Defendants in retaliation for his complaints that he was being sexually assaulted by another inmate. He also

contends that Sergeant Jerrold filed a false misbehavior report against him. *See* Am. Compl. (Dkt. #25-2) at 5-7; Second Am. Compl. (Dkt. #25) at 5.

Plaintiff filed a formal Inmate Grievance Complaint on August 10, 2007 at Collins Correctional Facility alleging the assault by the Groveland officers and the false misbehavior report. He received a determination from the Inmate Grievance Review Committee ("IGRC") recommending that Plaintiff's grievance be forwarded to the Superintendent for further review. *See* Def. Ex. 1 (Dkt. #79-2). Plaintiff did not appeal that determination. *See id.*

Defendants now move for summary judgment on the ground that Plaintiff has failed to exhaust his administrative remedies (Dkt. #79). Plaintiff has submitted over 200 pages of documentation in opposition to the Defendants' motion (Dkt. #82, #84). For the reasons that follow, the Defendants' motion for summary judgment is granted and the complaint is dismissed.

### DISCUSSION

**I.   Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where the moving papers and affidavits submitted by the parties "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

To survive a motion for summary judgment, the non-moving party must produce evidence in admissible form "sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322

(1986). All evidence will be viewed in the light most favorable to the non-moving party, and the court must draw all reasonable inferences in that party's favor. *See, e.g.*, *American Casualty Company of Reading, P.A. v. Nordic Leasing, Inc.*, 42 F.3d 725, 728 (2d Cir. 1994).

Where, as here, the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir. 1999). Nevertheless, "proceeding *pro se* does not otherwise relieve [an opposing party] from the usual requirements of summary judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, No. 00-Civ.-8594, 2003 WL 102853 at *5 (S.D.N.Y. Jan. 9, 2003). In responding to a properly-supported motion for summary judgment, the plaintiffs may not reply upon conclusory allegations or denials, but instead must produce evidence in admissible form, setting forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984).

**II.     Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed DOCCS grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5. That procedure entails the submission of a grievance, within twenty-one days of the relevant occurrence, to the Inmate Grievance Program supervisor. The

grievance is then forwarded to the Inmate Grievance Resolution Committee, or the IGRC, which has sixteen days to resolve it informally or to conduct a hearing.

If dissatisfied with the IGRC's determination, the inmate may, within seven days after receipt of that determination, appeal to the facility superintendent, who has twenty days to render a decision. The inmate then has another seven days after receiving the superintendent's decision to take the final step, appeal to the Central Office Review Committee ("CORC"). All three steps of this grievance procedure must ordinarily be exhausted before an inmate may commence suit in federal court. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Cosme v. Furman*, 584 F.Supp.2d 610, 611 (W.D.N.Y. 2008). "Though exhaustion is mandatory, certain caveats apply wherein a prisoner's failure to exhaust may be excused: (1) when administrative remedies are not available to the prisoner, (2) when the defendants waive the defense by failing to raise or preserve it, or acted in such a manner that they are estopped from raising it, and (3) when special circumstances exist to justify the prisoner's failure to comply with the exhaustion requirement." *Linares v. Albrith*, No. 2009 WL 799969, at *4 (N.D.N.Y. Mar. 25, 2009) (citations omitted).

While it is undisputed that Plaintiff did not appeal the IGRC's determination to the facility superintendent, he appears to argue that to the extent he failed to exhaust his claims of excessive force and retaliation, his failure to fully comply with the administrative procedural requirements should be excused because of "special circumstances." *See* Pl. Mem. at 1-5 (Dkt. #82). In determining whether special circumstances exist that will excuse a failure to exhaust, the court must evaluate the "circumstances which might understandably lead usually uncounseled prisoners to fail to grieve in the normally required way." *Giano v. Goord*, 380 F.3d 670, 678 (2d Cir. 2004).

In his amended complaint, Plaintiff acknowledges that he did not appeal the IGRC decision because the claim was "under investigation by the Inspector General and the FBI." *See* Am. Compl. at 6. The evidence shows, however, that Plaintiff was notified of the appeal procedure when he received his IGRC response, and he has not shown any good reason for his failure to follow that procedure. "While reliance on reasonable interpretation of the grievance process has been found to constitute special circumstances, ignorance or disregard of such procedures is not an excusing special circumstance." *Bryant v. Williams*, No. 08-CV-778, 2009 WL 1706592, at *8 (W.D.N.Y. June 17, 2009) (citing *Hemphill v. New York*, 380 F.3d 680, 686, 689–90 (2d Cir. 2004)).

Plaintiff further urges the Court to consider the exhaustion requirement in this case "sufficiently satisfied" on the basis that Plaintiff was advised by a Correction Officer that his eleven-page handwritten letter would be construed as a grievance and would be investigated by the same authorities as a formal grievance.[1] *See* Pl. Mem. at 1, 3. Shortly thereafter, however, Plaintiff filed two formal grievances addressing the same complained-of conduct, and those grievances were ultimately reviewed and answered by the IGRC. *See* Def. Ex. A. Thus, while Plaintiff may have relied upon the officer's assertion that his letter would be reviewed and investigated by the appropriate prison officials, such reliance is not relevant to plaintiff's failure to appeal the denial of his formal grievances. *Cf. Heath v. Saddlemire*, No. 96-CV-1998, 2002 WL 31242204, at *4 (N.D.N.Y. Oct. 7, 2002) (prison officials' misrepresentations regarding proper procedures for filing grievances estop defendants from claiming non-exhaustion with respect to inmate who then follows

---

[1] Plaintiff appears to be referring to a letter addressed to "Sergeant, Lieutenant, Captain, or Superintendent" of Collins Correctional Facility in which he describes the incident leading to the Correction Officers' use of force against him and resulting misbehavior report. *See* Pl. Ex. C (Dkt. #82). Plaintiff indicates, however, that the letter was written *prior* to the two formal grievances filed at Collins Correctional Facility on August 10, 2007. *See* Pl. Mem. at 3.

those incorrect procedures); *see generally Hemphill*, 380 F.3d at 688 (threats or other inhibiting conduct may estop defendants from asserting the affirmative defense of non-exhaustion).

In summary, because there is no triable issue of fact as to whether Plaintiff exhausted his administrative remedies prior to commencing this action, I find that summary judgment is warranted in favor of the Defendants.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #79) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 25, 2012.